**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| COZUMEL CARIBE, S.A. de C.V., | Case No. 10-13913 (MG) |
| Debtor in a Foreign Proceeding. | |

**ORDER GRANTING RECOGNITION OF FOREIGN
REPRESENTATIVE AND FOREIGN MAIN PROCEEDING AND
FOR ADDITIONAL RELIEF UNDER 11 U.S.C. § 1521**

Upon the *Application Under Chapter 15 Of The Bankruptcy Code For Recognition Of Foreign Representative And Foreign Main Proceeding And Additional Relief Pursuant To 11 U.S.C. § 1521* (the "Recognition Application"),[1] filed by Nemias Esteban Martinez Martinez ("Martinez") in his capacity as duly authorized inspector and putative foreign representative of Cozumel Caribe, S.A. de C.V. ("Cozumel Caribe"), a debtor in a currently ongoing reorganization proceeding in Mexico (the "*Concurso Mercantil* Proceeding"), pending before the Third District Court for the State of Quintana Roo (the "Mexican Court"), seeking (i) recognition of the *Concurso Mercantil* Proceeding as "a foreign main proceeding," (ii) recognition of Martinez as the duly appointed "foreign representative" of Cozumel Caribe, and (iii) additional relief under sections 1521(a)(4) of the Bankruptcy Code; and upon the hearing on the Recognition Application; and this Court's review and consideration of the Recognition Application, the Garcia Declaration, the Martinez Declaration, the First Peniche Declaration, the Recognition Objection, the Ginsberg Declaration, the Reply and the Second Peniche Declaration; IT IS HEREBY FOUND AND DETERMINED THAT:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Recognition Application.

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York, dated July 10, 1984.

B. The consideration of the Recognition Application and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

C. Venue is proper in this District pursuant to 28 U.S.C. § 1410.

D. Good, sufficient, appropriate and timely notice of the filing of the Recognition Application and the hearing on the Recognition Application has been given by Martinez, pursuant to Bankruptcy Rules 1011(b) and 2002(q), to: (a) the Office of the United States Trustee; (b) the Securities and Exchange Commission; (c) the trustee under the Note Indenture and the Cash Management Agreement; and (d) all other parties against whom Cozumel Caribe sought preliminary relief pursuant to Section 1519 of the Bankruptcy Code.

E. No objections or other responses were filed that have not been overruled, withdrawn or otherwise resolved.

F. The Chapter 15 Case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1509 and 1515.

G. The *Concurso Mercantil* Proceeding is a foreign proceeding pending in Mexico within the meaning of 11 U.S.C. § 101(23), where Cozumel Caribe's "center of main interests," as referenced in 11 U.S.C. § 1517(b)(1), is located, and therefore, the *Concurso Mercantil* Proceeding is a "foreign main proceeding" pursuant to 11 U.S.C. § 1502(4) and is entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

H. Martinez is a "person" pursuant to 11 U.S.C. § 101(41), is the duly appointed "foreign representative" of Cozumel Caribe, as such term is defined in 11 U.S.C. § 101(24), and has satisfied the requirements of 11 U.S.C. § 1515 and Bankruptcy Rule 1007(a)(4).

I. Martinez is entitled to all of the relief set forth in 11 U.S.C. §§ 1520 and 1521(a)(4), including, without limitation, the enforcement of the automatic stay, immediately upon entry of this Order.

J. The relief approved in the Recognition Order is necessary to effectuate the purpose of Chapter 15, to protect Cozumel Caribe and the interests of its creditors, and is not manifestly contrary to the public policy of the United States.

K. The relief approved in the Recognition Order will not cause undue hardship or inconvenience to parties-in-interest and, to the extent that any hardship or inconvenience may result, such hardship or inconvenience is outweighed by the benefits to Cozumel Caribe, its estate and its creditors.

BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Recognition Application is granted to the extent set forth herein.

2. The *Concurso Mercantil* Proceeding is recognized as a foreign main proceeding pursuant to 11 U.S.C. §§ 1517(a) and 1517(b)(1), and all the effects of recognition as set forth in 11 U.S.C. § 1520 shall apply.

3. Upon entry of this Order, pursuant to 11 U.S.C. § 1520, the *Concurso Mercantil* Proceeding shall be given its full force and effect, and, among other things, (i) the protections of 11 U.S.C. §§ 361 and 362 applies to Cozumel Caribe and its assets in the United States, including all of the funds within the Dollars Lockbox Account and the Cash Management Account; (ii) all persons and entities are enjoined from seizing, attaching and/or enforcing or

executing security interests, liens or judgments against Cozumel Caribe's property in the United States, including all of the funds within the Dollars Lockbox Account and the Cash Management Account, or from transferring, encumbering or otherwise disposing of or interfering with Cozumel Caribe's assets or agreements in the United States, including all of the funds within the Dollars Lockbox Account and the Cash Management Account, without further Order from this Court; and (iii) all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding against Cozumel Caribe or its assets or proceeds thereof, including all of the funds within the Dollars Lockbox Account and the Cash Management Account, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, security interest, lien or arbitration award against Cozumel Caribe or its assets or proceeds thereof, including all of the funds within the Dollars Lockbox Account and the Cash Management Account.

4. Martinez (or any other person properly appointed by the Mexican Court) and Cozumel Caribe shall be entitled to the full protections and rights enumerated under 11 U.S.C. § 1521(a)(4), and accordingly, Martinez has the right and power to examine witnesses, take evidence or deliver information concerning Cozumel Caribe's assets, affairs, rights, obligations, or liabilities, subject to the provisions of the Federal Rules of Bankruptcy Procedure and any other applicable rule or regulation.

5. Martinez (or any other person properly appointed by the Mexican Court) is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6.  Martinez (or any other person properly appointed by the Mexican Court), Cozumel Caribe and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

7.  The relief granted herein shall not (i) impact the security interests and liens, if any, existing as of July 20, 2010 on property of Cozumel Caribe, including all of the funds in the Dollars Lockbox Account and the Cash Management Account, except as set forth herein as to enforcement; or (ii) prohibit or restrict any action to enforce rights, remedies, claims or defenses against Cozumel Caribe in Mexico.

8.  CTIM expressly reserves its right to dispute Cozumel Caribe's ownership interest in the assets subject to this Order.

9.  Martinez (or any other person properly appointed by the Mexican Court), Cozumel Caribe and their respective agents expressly reserve their right to seek enforcement of (i) the Initial Mexican Order; (ii) the *Concurso Mercantil* Order; and (iii) any other order entered by the Mexican courts in connection with Cozumel Caribe's *Concurso Mercantil* Proceeding or related proceedings.

10. The findings of fact in this Order were made for the sole purpose of granting the relief herein, and shall not be binding upon or prejudice the rights of CTIM (or any other party) for any other purpose or in any other forum.

11. CTIM expressly reserves its right to seek modification of this Order if it is subsequently determined by a court of competent jurisdiction in Mexico that Martinez lacked authority to file the Recognition Application or the Concurso Mercantil was filed without appropriate corporate authority or is otherwise subject to dismissal.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall supersede that certain *Order Granting Provisional Relief*, dated August 4, 2010.

13. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through the Chapter 15 Case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated: October 20, 2010
      New York, New York

                                        **/s/Martin Glenn**
                                          MARTIN GLENN
                                United States Bankruptcy Judge