SIDLEY AUSTIN LLP        Hearing: May 17, 2011 at 11:00 a.m. (prevailing Eastern Time)
Lee S. Attanasio
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Attorney for CT Investment Management Co., LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 |
| COZUMEL CARIBE, S.A. de C.V., | Case No. 10-13913 (MG) |
| Debtor in a Foreign Proceeding. | |

**DECLARATION OF FRANCISCO XAVIER CORTINA CORTINA IN SUPPORT OF CT INVESTMENT MANAGEMENT CO., LLC'S OBJECTION TO MOTION OF NEMIAS ESTEBAN MARTINEZ MARTINEZ, AS FOREIGN REPRESENTATIVE OF COZUMEL CARIBE S.A. de C.V. FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 1507 AND 1521 DIRECTING TURNOVER OF ASSETS**

I, Francisco Xavier Cortina Cortina, declare under penalty of perjury under the laws of the United States of America that the following is, to the best of my knowledge, information and belief, complete, true and correct.

1. I am a partner at the law firm of Quijano, Cortina y De La Torre, a firm in Mexico City devoted to litigation which specializes in insolvency proceedings. I have been involved in bankruptcy proceedings in Mexico for more than 20 years and have been recognized as an expert by several independent specialized publications conducting surveys. I am submitting this declaration (this "Declaration") in support of CT Investment Management Co., LLC's Objection to Motion of Nemias Esteban Martinez Martinez, as Foreign Representative of

Cozumel Caribe S.A. de C.V. for an Order Pursuant to 11 U.S.C. §§ 1507 and 1521 Directing Turnover of Assets, dated May 6, 2011 (the "Objection").[1]

2. In preparing this Declaration, I have reviewed the (i) Declaration of Alfonso Peniche Garcia in Support of Motion of Nemias Esteban Martinez Martinez, As Foreign Representative of Cozumel Caribe S.A. de C.V. for an Order Pursuant to 11 U.S.C. §§ 1507 and 1521 Directing Turnover of Assets (the "Third Peniche Declaration"), (ii) the Motion of Nemias Esteban Martinez Martinez, As Foreign Representative of Cozumel Caribe S.A. de C.V. for an Order Pursuant to 11 U.S.C. §§ 1507 and 1521 Directing Turnover of Assets, (iii) the Objection, (iv) the Declaration of Deborah J. Ginsberg in Support of CT Investment Management Co., LLC's Objection to Motion of Nemias Esteban Martinez Martinez, As Foreign Representative of Cozumel Caribe S.A. de C.V. for an Order Pursuant to 11 U.S.C. §§ 1507 and 1521 Directing Turnover of Assets and (v) the Mexican Turnover Order.

3. The Mexican Turnover Order issued by the Mexican Court on December 17, 2010, which through a letter rogatory asked this Court to enter an order turning over alleged VAT funds to the Foreign Representative, was not served on CTIM. Under Mexican law, litigants in a proceeding must designate a domicile or legal address in the first motion they file or in the first hearing that they attend so that the court can thereafter serve successfully any order. While CTIM has participated in *Amparo* proceedings in Mexico, CTIM has not participated in the Concurso Proceeding and, as a matter of Mexican law, CTIM is not under the jurisdiction of the Concurso Court other than its participation in the ancillary but independent procedure followed here under Chapter 15. CTIM has not appointed, and has not been required to appoint, a domicile or designate a legal address in the Concurso Proceeding. Because CTIM does not

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

have a domicile or legal address in Mexico, the order could not be served on CTIM in Mexico under Mexican law, but would have to be served on CTIM in the United States. As set forth in the Ginsberg Declaration, CTIM has never been served in the United States. Therefore, CTIM only learned of the content of the Mexican Turnover Order through the Motion filed in this Court on April 21, 2011.

4. The Third Peniche Declaration's assertion that the turnover order was served on CTIM's counsel in Mexico is, to my knowledge, categorically false.

5. The Mexican Turnover Order is subject to an appeal process governed by the Mexican Ley de Concursos Mercantiles, which contemplates the *recurso de revocación*, a legal remedy, that has to be filed within three days of its legal notification to the affected party which, as to CTIM, has not occurred. The Mexican Turnover Order is not, under Mexican law, a final order and is not binding on CTIM.

6. Neither the order granting the Concurso Petition nor any provision of Mexican insolvency law relieved the Debtor or any of the Non-Debtor Affiliates of their obligations to comply with financial reporting requirements under the financing documents.

7. As a matter of Mexican insolvency law, the Debtor's obligation to pay VAT liabilities arising prior to the filing of the Concurso petition is stayed during the pendency of the Concurso Proceeding.

8. In addition, I have reviewed the precedents attached to the Peniche Declaration (as well as the statement made therein) and do not believe such precedents stands for the proposition for which the Foreign Representative cites in the Motion. Specifically, I do not believe that such precedent established that value added taxes are held in trust for the Mexican federal and state governments, since the first one refers only to the proportionality of an indirect

tax with the value of the service or good that caused its payment, and the second refers to who is the tax payer of indirect taxes.

Mexico City, Mexico
May 6, 2011

Francisco Xavier Cortina Cortina